FILED

2011 FEB 18 AM 11:03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

REBECCA WEST

Plaintiff(s)

v.

Case No.3:11-cv-161-J-99MMH-MCR

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
Defendant.
_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Rebecca West ("Mrs. West" or "Plaintiff") sues ACCOUNTS RECEIVABLE MANAGEMENT, INC. ("A.R.M., Inc."), and states:

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant A.R.M., Inc. for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et. seq.* (hereinafter referred to as "FCCPA"), which, among other things, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## II. PARTIES

2. Plaintiff is a natural person residing at 5398 Soundview Ave, St. Augustine, St. Johns County, Florida 32216. At all times material, Mrs. West has resided in St. Augustine, St. Johns County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

3. A.R.M., Inc. is a Debt Collector as defined by the FDCPA and is registered with the

Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 3400 Lakeside Drive, Suite 505, Miramar FL 33027. A.R.M., Inc.'s principal business is the collection of third party debts.

4. A.R.M., Inc. is a ''debt collector'' as that term is defined by the FDCPA, 15 U.S.C. § 1692a (6).

## III. JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation took place in St. Augustine, St. Johns County, Florida.

## IV. FACTUAL ALLEGATIONS

6. On July 26, 2010 (the "Petition Date"), Robert West and Rebecca West ("Wests") filed a petition for relief under Title 11 Chapter 13 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case # 3:10-bk-06435-JAF. A Copy of the redacted § 341 Notice is attached as Exhibit 1.

7. The Wests filed their Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; and ii) a financial "fresh start".

8. As required by the Bankruptcy Code, the Wests filed their schedules, lists and statements in their Bankruptcy Case. Included in the Schedule F of unsecured creditors was

"Merchants Assoc Cool D, 134 S Tampa Street, Tampa, FL 33602" with a balance of $5,000. The scheduled debt is listed as owed by the wife, Rebecca West. Also listed for notice purposes was Flagler Hospital, 400 Health Park Blvd., Saint Augustine, FL 32086, the original creditor. These creditors and addresses were pulled from the latest credit report available just prior to filing the Bankruptcy Case. A copy of the relevant page from the Wests' Schedule F is attached as Exhibit 2.

9. Upon information and belief, as of the Petition Date of July 26, 2010, Flagler Hospital had sold the debt to Merchants Association Collection Division, Inc ("Merchants").

10. Flagler Hospital and Merchants received notice of the Bankruptcy Case and the meeting of creditors. *See* Certificate of Notice, Doc. 23, page 2 of 3, attached as Exhibit 3.

11. On October 18, 2010, the U.S. Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors"). Flagler Hospital, Merchants, and/or A.R.M. Inc. failed to appear at the Meeting of Creditors.

12. Upon information and belief, after the filing of the bankruptcy case, Merchants determined the West debt to be uncollectible and gave notice to Flagler Hospital that the West debt was uncollectible.

13. Despite the automatic stay entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, Flagler Hospital referred and/or sold the account to A.R.M., Inc. for collection after the commencement of the case.

14. On December 2, 2010, A.R.M., Inc. mailed a demand for payment to Mrs. West for collection of the Flagler Hospital/Merchants' pre-petition debt which had been listed on Schedule F of the Wests' Bankruptcy Schedules. A copy of the demand for payment

letter is attached as Exhibit 4.

15. A.R.M., Inc. failed to use reasonable steps for collection of accounts prior to mailing the collection letter to Mrs. West. Such steps would include, at a minimum, a BANKO or AACER search for bankruptcy activity related to the account and/or Mrs. West.

## V. CLAIMS FOR RELIEF
## COUNT I – FDCPA VIOLATIONS

16. Plaintiff realleges paragraphs (1) one through (13) thirteen above.

17. A.R.M., Inc. violated the FDCPA. A.R.M., Inc.'s violations include, but are not limited to, the following:

    a. A.R.M., Inc. contacted Mrs. West directly when A.R.M., Inc. knew that the Mrs. West all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating 15 U.S.C. § 1692c (a)(2).

    b. A.R.M., Inc. violated 15 U.S.C. § 1692e (2)(A) by falsely representing the character, amount, and legal status of the debt.

    c. The Chapter 13 Plan provides for discharge of unsecured debts after pro rata payment of disposable income over the applicable commitment period, which is provided by the Wests' confirmed Second Amended Chapter 13 Plan to be sixty (60) months. The Confirmed Chapter 13 Plan also provides that any claims filed after the bar date of January 18, 2011, shall receive no distribution under the Plan unless specifically provided for by the Plan. Paragraph 4 of the Order Confirming Chapter 13 Plan provides that "the Debtors shall fund [their] plan for the applicable commitment period...using all disposable income to be paid to unsecured creditors." After pro rata payment of disposable income for the

commitment period of sixty (60) months, all of the Wests' unsecured debts will be discharged, including the unsecured debt owed to A.R.M., Inc. No proof of claim has been filed on behalf of A.R.M., Inc. or Merchants or Flagler Hospital, and thus no distributions are being made by the Wests on account of this debt.

d. The collection letter sent to Plaintiff misrepresented the character, amount, and legal status of the debt by stating the balance owed as $5,257.10, without clarifying the legal status of the debt as provided for by the Bankruptcy Code and by the Order Confirming Chapter 13 Plan. The Order Confirming Chapter 13 Plan is attached as Exhibit 5.

18. A.R.M., Inc. violated the provisions of the FDCPA, and is liable to Mrs. West for actual damages, statutory damages, and reimbursement attorney's fees and costs associated with filing this action.

## COUNT II – FCCPA VIOLATIONS

19. Plaintiff realleges paragraphs one through thirteen (13) above.

20. A.R.M., Inc. has violated the FCCPA. A.R.M. Inc.'s violations include, but are not limited to:

a. A.R.M., Inc. contacted Mrs. West directly when A.R.M., Inc. knew Mrs. West all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.

b. A.R.M., Inc. violated § 559.72(9) by attempting to receive immediate and full payment for a debt that was known to be provided for by the Order Confirming Chapter 13 Plan and to be discharged upon completion of all Plan payments.

21. Pursuant to Florida Statute, § 559.77, A.R.M., Inc. is liable to Mrs. West for actual damages, statutory damages, and reimbursement attorneys' fees and costs associated with filing and prosecuting this action.

WHEREFORE, Plaintiff, Rebecca West, respectfully prays for i) declaratory judgment in her favor finding A.R.M., Inc. violated the above stated provisions of the FDCPA and the FCCPA; ii) judgment in favor of Mrs. West awarding actual and statutory damages; iii) an award equal to any and all attorney's fees and costs associated with bringing this action; and iv) any and all other relief that the Court deems necessary and just.

Plaintiff demands a jury trial on all issues so triable.

DATED this 18 day of February, 2011.

Law Offices of Mickler & Mickler

By:____________________
Taylor J. King
Florida Bar No. 072049
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
(904) 725-0855 FAX
tjking@planlaw.com
*Lead Trial Counsel/Attorneys for the Plaintiff*

# EXHIBIT 1

**FORM B9A** (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07) Case Number **3:10-bk-06435-JAF**

# UNITED STATES BANKRUPTCY COURT
Middle District of Florida

# Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on July 26, 2010 .
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| Robert A. West<br>aka Robert Amon West, dba Robert A. West, Inc.<br>5398 Soundview Avenue<br>Saint Augustine, FL 32080 | Rebecca H. West<br>aka Rebecca Heard West<br>5398 Soundview Avenue<br>Saint Augustine, FL 32080 |
| Case Number:<br>3:10-bk-06435-JAF | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx-xx-<br>xxx-xx- |
| Attorney for Debtor(s) (name and address):<br>Albert H. Mickler<br>5452 Arlington Expressway<br>Jacksonville, FL 32211<br>Telephone number: 904-725-0822 | Bankruptcy Trustee (name and address):<br>Gordon P. Jones<br>P O Box 600459<br>Jacksonville, FL 32260-0459<br>Telephone number: 904-262-7373 |

## Meeting of Creditors

Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting.
You are reminded that Local Rule 5073-1 restricts the entry of cellular telephones into the Courthouse.

Date: **September 9, 2010** Time: **02:30 PM**
Location: **FIRST FLOOR, 300 North Hogan St. Suite 1-200, Jacksonville, FL 32202**

## Presumption of Abuse under 11 U.S.C. § 707(b)

*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: November 8, 2010**

## Deadline to Object to Exemptions:

Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>300 North Hogan Street Suite 3-350<br>Jacksonville, FL 32202<br>Telephone number: 904-301-6490 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Lee Ann Bennett |
| Hours Open: Monday - Friday 8:30 AM - 4:00 PM | Date: July 28, 2010 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

## EXPLANATIONS

FORM B9A (12/07)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| **Discharge of Debts** | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline.<br>** Individual debtors in Chapter 7 cases must complete an instructional course in personal financial management in order to receive a discharge under chapter 7. A statement regarding completion of the course must be filed within 45 days after the first date set for the meeting of creditors. Failure to timely file the statement may result in the case being closed without entry of the discharge of debts. If the case is closed without the entry of a discharge, the debtor must file a motion to reopen, with the appropriate filing fee, in order to file the statement and obtain a discharge of debts. **** Applies to cases filed on or after October 17, 2005.** |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

— Refer to Other Side for Important Deadlines and Notices —

| | |
|---|---|
| Voice Case Info. System (VCIS) | For use with a touch-tone phone only; using the dial pad VCIS will provide the caller with basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. VCIS is accessible 24 hours a day except when routine maintenance is performed. To access VCIS toll free call 1-866-879-1286. |

# EXHIBIT 2

In re Robert A. West, Rebecca H. West
Debtors

Case No. 3:10-bk-06435

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 83533950161112<br>Merchants Assoc Cool D<br>134 S Tampa Street<br>Tampa, FL 33602 | | W | Opened 6/24/09<br>Collection - Flagler Hospital | | | | 5,000.00 |
| Account No.<br>Flagler Hospital<br>400 Health Park Blvd.<br>Saint Augustine, FL 32086 | | | Representing:<br>Merchants Assoc Cool D | | | | Notice Only |
| Account No. 18970069<br>National Recovery Agency<br>2491 Paxton Street<br>Harrisburg, PA 17111 | | W | Opened 3/03/10<br>Collection - Children S Bomc (?) | | | | 65.00 |
| Account No. 504994018088<br>Sears/Cbsd<br>PO Box 6189<br>Sioux Falls, SD 57117 | | J | Opened 1/16/06 Last Active 5/19/10<br>Charge Account | | | | 1,665.00 |
| Account No.<br>Northland Group, Inc.<br>P.O. Box 390905<br>Code CSB 1<br>Minneapolis, MN 55439 | | | Representing:<br>Sears/Cbsd | | | | Notice Only |

Sheet no. 4 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) 6,730.00

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com 

# EXHIBIT 3

[3200] [Notice of Conversion to Chapter 13, Setting 341 Mtg, Appt of Trustee, Establish Bar Dates]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Case No. 3:10-bk-06435-JAF
Chapter 13

Robert A. West
aka Robert Amon West
dba Robert A. West, Inc.

Rebecca H. West
aka Rebecca Heard West

Debtor(s) /

## NOTICE OF CONVERSION OF CASE TO CHAPTER 13, SETTING 341 MEETING, APPOINTMENT OF TRUSTEE AND ESTABLISHING BAR DATES

Debtor(s) filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 26, 2010 . Debtor(s) have now moved pursuant to 11 U.S.C., §706(a) to convert to Chapter 13 of the Bankruptcy Code, and this case is now converted pursuant to Fed. R. Bank. P. 1017(d).

NOTICE is given of the following:

1. This case is converted to Chapter 13 of the Bankruptcy Code and administration will commence in that Chapter.

2. The U.S. Trustee has appointed as the standing trustee, Douglas W. Neway, whose address is PO Box 4308, Jacksonville, FL 32201.

3. An additional meeting of creditors pursuant to 11 U.S.C. §341 shall be held on October 18, 2010 at 08:00 AM, 300 North Hogan Street Suite 1-200, Jacksonville, Florida 32202.

4. Any creditor who has filed a proof of claim in the Chapter 7 case is not required to file a proof of claim in the converted Chapter 13 case. All other creditors must file a proof of claim on or before January 18, 2011.

5. That the Debtor(s) shall file within fourteen (14) days from the entry of this Notice separate schedules listing unpaid obligations incurred after the filing of the petition under Chapter 7, and if the debtor is engaged in business a statement of financial affairs pursuant to Federal Rule of Bankruptcy Procedure 1007. Pursuant to Fed. R. Bank. P. 3015 the Debtor(s) shall also file a Plan within fourteen (14) days.

6. The debtor(s) shall serve a copy of the Statement of Social Security Number(s) (Form B21 Official Form 21) on the newly appointed trustee within seven(7) days of the entry of this notice.

Dated September 8, 2010 .

Lee Ann Bennett, Clerk of Court
300 North Hogan Street Suite 3-350
Jacksonville, FL 32202

Copies furnished to:
All Interested Parties

# CERTIFICATE OF NOTICE

District/off: 113A-3 User: pcathy Page 1 of 2 Date Rcvd: Sep 08, 2010
Case: 10-06435 Form ID: 3200 Total Noticed: 45

The following entities were noticed by first class mail on Sep 10, 2010.

```
db/jdb       +Robert A. West,   Rebecca H. West,   5398 Soundview Avenue,   Saint Augustine, FL 32080-7237
aty          +Albert H. Mickler,   5452 Arlington Expressway,   Jacksonville, FL 32211-6800
aty          +Mark E Steiner,   Law Offices of David J. Stern, P.A.,   900 South Pine Island Drive, Suite 400,
               Plantation, FL 33324-3920
cr           +CitiMortgage, Inc.,   Law Offices of David J. Stern, P.A.,   c/o Mark E. Steiner, Esq.,
               900 South Pine Island Road, Ste 400,   Plantation, FL 33324-3920
18753487     +Acs/College Loan Corp,   501 Bleecker St,   Utica, NY 13501-2401
18753489      American Express,   P O Box 360001,   Fort Lauderdale, FL 33326-0001
18753488     +American Express,   PO Box 297871,   Fort Lauderdale, FL 33329-7871
18753490     +Bally Total Fitness,   12440 E Imperial Hwy,   Suite 300,   Norwalk, CA 90650-3178
18753491     +Bank Of America,   PO Box 17054,   Wilmington, DE 19850-7054
18753493     +Beachbody Nutrition,   8383 Wilshire Boulevard,   Suite 1050,   Beverly Hills, CA 90211-2415
18753494     +Beneficial/HFC,   PO Box 3425,   Buffalo, NY 14240-3425
18753496     +Cbna,   PO Box 769006,   San Antonio, TX 78245-9006
18753497     +Chase,   PO Box 15298,   Wilmington, DE 19850-5298
18753498     +Chase-Bp,   PO Box 15298,   Wilmington, DE 19850-5298
18753499     +Citi Cards,   PO Box 6497,   Sioux Falls, SD 57117-6497
18753500     +Citimortgage Inc,   PO Box 9438,   Gaithersburg, MD 20898-9438
18753501     +Community First Cu Of,   623 N Main St,   Jacksonville, FL 32202-3011
18834792     +Compass Bank (Real Estate/Other),   P.O. Box 201347,   Arlington, TX 76006-1347
19042261      FL Dept. of Revenue,   Bankruptcy Unit,   P.O. Box 6668,   Tallahassee, FL 32314-6668
18753504     +Fed Loan Services,   PO Box 2461,   Harrisburg, PA 17105-2461
18753505     +Financial Credit Svcs,   628 Bypass Dr,   Clearwater, FL 33764-5024
18753506     +Flagler Hospital,   400 Health Park Blvd.,   Saint Augustine, FL 32086-5790
18753507     +Florida Anesthesia Assoc. PA,   P O Box 5278,   Jacksonville, FL 32247-5278
19042263    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
               PHILADELPHIA PA 19114-0326
              (address filed with court:  Internal Revenue Service,   PO Box 21126,   Philadelphia, PA  19114)
18753512     +Merchants Assoc Cool D,   134 S Tampa Street,   Tampa, FL 33602-5396
18753513     +National Recovery Agency,   2491 Paxton Street,   Harrisburg, PA 17111-1036
18753514     +Northland Group, Inc.,   P.O. Box 390905,   Code CSB 1,   Minneapolis, MN 55439-0905
18753515     +RA West Realtor,   5398 Soundview Avenue,   Saint Augustine, FL 32080-7237
18753518      SKO Brenner American,   40 Daniel Street,   P.O. Box 230,   Farmingdale, NY 11735-0230
18753516     +Sears/Cbsd,   PO Box 6189,   Sioux Falls, SD 57117-6189
18753517     +Shell/Citi,   PO Box 6497,   Sioux Falls, SD 57117-6497
18753519     +Target Nb,   PO Box 673,   Minneapolis, MN 55440-0673
18768707      Tax Collector, St. Johns County,   Dennis W. Hollingsworth,   P.O. Box 9001,
               St. Augustine, FL 32085-9001
19042262     +United States Attorney,   300 North Hogan St Suite 700,   Jacksonville, FL 32202-4204
18753520     +WF/EFS,   PO Box 13667,   Sacramento, CA 95853-3667
18753521     +Wf/Wb,   Po Box 3117,   Winston Salem, NC 27102-3117
```

The following entities were noticed by electronic transmission on Sep 09, 2010.

```
tr           +E-mail/Text: COURT@CH13JAXFL.COM                          Douglas W. Neway,   P O Box 4308,
               Jacksonville, FL 32201-4308
ust          +E-mail/Text: ustp.region21.or.ecf@usdoj.gov
               United States Trustee - JAX 7,   135 W Central Blvd Suite 620,   Orlando, FL 32801-2440
18753492      E-mail/PDF: pfsebn@bmcjax.com Sep 09 2010 01:48:56    Baptist Medical Center,   P.O. Box 45094,
               Jacksonville, FL 32232-5094
18753495     +E-mail/Text: jraichel@cms-collect.com                     Capital Management Svcs., LP,
               for,   726 Exchange St., #700,   Buffalo, NY 14210-1464
18753503     +E-mail/Text: Bankruptcy@BBVACompass.com                    Compass Bank,
               701 32nd Street South,   Birmingham, AL 35233-3515
18753508     +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2010 01:31:07    Gemb/Chevron,   4125 Windward Plaza,
               Alpharetta, GA 30005-8738
18753509     +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2010 01:31:07    Gemb/Gap,   PO Box 981400,
               El Paso, TX 79998-1400
18753510     +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2010 01:31:07    Gemb/Mattress Firm,   PO Box 981439,
               El Paso, TX 79998-1439
19042258      E-mail/Text: gjones@epitrustee.com                        Gordon P. Jones,   P O Box 600459,
               Jacksonville, FL 32260-0459
                                                                                              TOTAL: 9
```

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
tr*            Gordon P. Jones,   P O Box 600459,   Jacksonville, FL  32260-0459
cr*          +Compass Bank (Real Estate/Other),   P.O. Box 201347,   Arlington, TX 76006-1347
18753511    ##+HFC,   PO Box 1547,   Chesapeake, VA 23327-1547
                                                                                   TOTALS: 0, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 10, 2010** **Signature:** Joseph Speetjens

# EXHIBIT 4



A.R.M., Inc.
PO Box 277690
Miramar Fl 33027-7690



IF PAYING BY CREDIT CARD, FILL OUT BELOW • CHECK CARD USING FOR PAYMENT



| MASTERCARD | DISCOVER | AMEX | VISA |
|---|---|---|---|

| CARD NUMBER | CVV2 |
|---|---|
| SIGNATURE | EXP. DATE |

| STATEMENT DATE | DUE DATE | CURRENT AMOUNT DUE |
|---|---|---|
| 12/2/2010 | | $ 5257.10 |

| ACCOUNT NUMBER | $ AMOUNT ENCLOSED |
|---|---|
| 3465268-1 | |

0000003956

3465268-1
WESTREBECCA H
5398 SOUNDVIEW AVE
ST AUGUSTINE, FL 32080-7237



A.R.M., Inc.
PO Box 277690
Miramar Fl 33027-7690

☐ Please check box if above address is incorrect or if insurance information has changed and indicate change(s) on reverse side.

DETACH UPPER PORTION AND RETURN WITH PAYMENT 1010A

| Date(s) of Service | Reference Number | Creditor | Amount Due |
|---|---|---|---|
| 12/08/2008 | F023113723 | Flagler Hospital | $ 5257.10 |

**Please Read Carefully...**

**Date of Service:** 12/08/2008
**Account Number:** 3465268-1
**RE:** WESTREBECCA H
**Client Name:** Flagler Hospital

**Total:** $ 5257.10
**Reference Number:** F023113723

Dear Westrebecca H:

Please be advised that your account has been assigned to Accounts Receivable Management, Inc., a collection agency.

You are directed to address all future correspondence and payments concerning this account to the address above.

Sincerely,

Ms. James ext 117
888-548-8829

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE.**

**EXHIBIT 5**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:10-bk-06435-JAF

IN RE:
ROBERT A WEST
REBECCA H WEST
_____________________/

ORDER CONFIRMING CHAPTER 13 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on notice that the Plan complies with the provisions of 11 U.S.C. §1325, it is

ORDERED:

1. The Plan, dated October 13, 2010, as amended in open court, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtors in the amount of $2,246.21 each month for months 1 – 12 and $2,292.68 each month for months 13 - 60. Payments shall be made to Douglas W. Neway, Trustee, at **P.O. Box 2079, Memphis, Tennessee 38101-2079.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtors shall fund this plan for the applicable commitment period, beginning on the date that the first payment is due under the Plan, using all disposable income to be paid to unsecured creditors.

5. The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed. Distributions shall commence and be made by the Trustee on a monthly basis following this Confirmation on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

6. The Trustee shall make full disbursements in the following order:

a. Commissions and costs as the Court may from time to time approve.

b. Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

c. Any claim or amended claim filed after January 18, 2011, unless specifically provided for in Exhibit A, shall receive no distribution.

7. Secured creditors shall retain their liens.

8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any confirmed plan that states differently.

9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing. The requirement to object to secured mortgage claims that are filed prior to confirmation is waived as to the Chapter 13 Trustee and this confirmation shall have no res judicata effect on the Trustee's right to file and litigate any objections to mortgage claims for 60 days beyond the claims bar date.

10. The property of the estate revests in the Debtors or in any other entity provided for by the Debtors in the terms of the confirmed chapter 13 plan upon discharge of the Debtors or, in the alternative, upon dismissal of the case.

11. The Debtors shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 13 Trustee by April 30th of the year following the taxable year. If the Debtors have properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 13 Trustee no later than 10 days after the extension date.

12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the plan are as follows:

a. Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtors and Debtors' counsel.

b. Upon receipt of the Notice, the Trustee shall take the following action:

(1) If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

ROBERT A WEST
REBECCA H WEST

CASE NO: 3: 10-bk-06435-JAF

(2) If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtors and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the confirmed plan requested by the Trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15. If the Debtors have surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

Entered in Jacksonville, Florida on the 8 day of December 2010.

Jerry A. Funk
United States Bankruptcy Judge

**EXHIBIT A**
**CASE NO: 3:10-bk-06435-JAF**
**ROBERT A WEST and REBECCA H WEST**

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| | TRUSTEE EXPENSES | Priority | As set by U.S. Trustee | | | |
| | MICKLER AND MICKLER | Priority | $3,549.00 | $3,549.00 | $209.15 | 1 - 12 |
| | | | | | $250.97 | 13 - 17 |
| | | | | | $0.00 | 18 - 60 |
| | CBNA | Secured | $0.00 | $0.00 | $0.00 | |
| | *Claim Notes: Pending valuation by motion or adversary proceeding.* | | | | | |
| | CITIMORTGAGE INC | Secured | $0.00 | $95,400.00 | $1,590.00 | 1 - 60 |
| | *Claim Notes: Mortgage No claim filed.* | | | | | |
| | GEMB | Secured | $0.00 | $0.00 | $0.00 | |
| | *Claim Notes: No claim filed.* | | | | | |
| 01 | DENNIS HOLLINGSWORTH | Secured | $782.21 | $1,191.60 | $19.86 | 1 - 60 |
| 03 | GORDON P JONES ESQUIRE | Priority | $1,000.00 | $1,000.00 | $0.00 | 1 - 17 |
| | | | | | $250.97 | 18 - 21 |
| | | | | | $0.00 | 22 - 60 |
| 04 | TARGET NATIONAL BANK | Unsecured | $5,238.34 | $5,238.34 | ProRata | |
| 05 | TARGET NATIONAL BANK | Unsecured | $5,238.34 | $0.00 | ProRata | |
| | *Claim Notes: Claim Disallowed.* | | | | | |
| 06 | COMPASS BANK | Unsecured | $48,656.15 | $48,656.15 | ProRata | |
| | *Claim Notes: Lien stripped per court order, allowed as unsecured.* | | | | | |
| 07 | AMERICAN STUDENT ASSISTANCE | Unsecured | $6,049.78 | $6,049.78 | ProRata | |
| 08 | INTERNAL REVENUE SERVICE | Priority | $2,007.31 | $2,007.31 | $0.00 | 1 - 21 |
| | | | | | $250.97 | 22 - 29 |
| | | | | | $0.00 | 30 - 60 |
| 08 | INTERNAL REVENUE SERVICE | Unsecured | $39.70 | $39.70 | ProRata | |
| 09 | COMMUNITY FIRST CREDIT UNION | Secured | $15,346.05 | $12,154.80 | $202.58 | 1 - 60 |
| 10 | COMMUNITY FIRST CREDIT UNION | Unsecured | $7,130.42 | $7,130.42 | ProRata | |
| 11 | TEXAS GUARANTEED STUDENT LOAN CORP. | Unsecured | $8,500.00 | $8,500.00 | ProRata | |

**EXHIBIT A**
**CASE NO: 3:10-bk-06435-JAF**
**ROBERT A WEST and REBECCA H WEST**

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| 12 | CR EVERGREEN,LLC | Unsecured | $1,212.66 | $1,212.66 | ProRata | |
| 13 | ECAST SETTLEMENT CORPORATIION | Unsecured | $11,394.47 | $11,394.47 | ProRata | |
| 14 | ECAST SETTLEMENT CORPORATIION | Unsecured | $12,132.20 | $12,132.20 | ProRata | |
| 15 | PRA RECEIVABLES MANAGEMENT | Unsecured | $2,423.08 | $2,423.08 | ProRata | |
| 16 | PRA RECEIVABLES MANAGEMENT | Unsecured | $2,143.97 | $2,143.97 | ProRata | |
| 17 | PRA RECEIVABLES MANAGEMENT | Unsecured | $9,182.30 | $9,182.30 | ProRata | |

**Debtor Payment Schedule**

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| October 8, 2010 | 1 - 12 | $2,246.21 |
| October 8, 2011 | 13 - 60 | $2,292.68 |

Copies to:
Debtors
Mickler And Mickler
Douglas W. Neway, Trustee
All Interested Parties