UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBECCA WEST,                               CASE NO. 3:11-cv-161-J-99-MCR

    Plaintiff,

v.

ACCOUNTS RECEIVABLE
  MANAGEMENT, INC.

    Defendant.
_____/

## DEFENDANT, ACCOUNT REVEIVABLE MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

ACCOUNTS RECEIVABLE MANAGEMENT, INC., ("Defendant"), by and through its undersigned counsel, hereby answers the Plaintiff's Amended Complaint and says:

1. Defendant admits that the Plaintiff is seeking damages against the Defendant and other named Defendant's under the FDCPA and FCCPA but otherwise denies the allegations set forth in paragraph 1.

2. Defendant is without knowledge of the allegations set forth in paragraph 2 of the Plaintiff's Amended Complaint and, therefore, such allegations are denied.

3. Defendant admits the allegations set forth in paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegations set forth in paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits that this Court has jurisdiction over this action and that venue is proper. Declaratory is not, however, available under 28 U.S.C. §§2201 and §2202 based on the Plaintiff's complaint and these allegations are, therefore, denied.

6. Defendant is without knowledge of the allegations set forth in paragraph 6 of the Plaintiff's Complaint and, therefore, such allegations are denied.

7. Defendant is without knowledge of the allegations set forth in paragraph 7 of the Plaintiff's Complaint and, therefore, such allegations are denied.

8. Defendant is without knowledge of the allegations set forth in paragraph 8 of the Plaintiff's Complaint and, therefore, such allegations are denied.

9. Defendant is without knowledge of the allegations set forth in paragraph 9 of the Plaintiff's Complaint and, therefore, such allegations are denied.

10. Defendant is without knowledge of the allegations set forth in paragraph 10 of the Plaintiff's Complaint and, therefore, such allegations are denied.

11. Defendant is without knowledge of the allegations set forth in paragraph 11 of the Plaintiff's Complaint and, therefore, such allegations are denied.

12. Defendant is without knowledge of the allegations set forth in paragraph 12 of the Plaintiff's Complaint and, therefore, such allegations are denied.

13. Defendant is without knowledge of the allegations set forth in paragraph 13 of the Plaintiff's Complaint and, therefore, such allegations are denied.

14. Defendant admits that the document attached to the plaintiff's complaint as Exhibit 4 appears to be a letter sent by the defendant to the plaintiff but otherwise denies the allegations set forth set forth in paragraph 14 of the Plaintiff's Complaint and, therefore, such allegations are denied.

15. Defendant denies the allegations set forth in paragraph 15 of the Plaintiff's Complaint.

## COUNT I – FDCPA VIOLATIONS

16. Defendant reasserts and realleges is responses to paragraphs 1 through 15 as if fully set forth herein.

17. Defendant denies the allegations set forth in paragraph 17 of the Plaintiff's Complaint.

18. The Defendant denies the allegations set forth in paragraph 17.a. of the Plaintiff's Complaint.

19. The Defendant denies the allegations set forth in paragraph 17.b. of the Plaintiff's Complaint.

20. The Defendant denies the allegations set forth in paragraph 17.c. of the Plaintiff's Complaint.

21. To the extent that the allegations set forth in paragraph 17.c. of the Plaintiff's complaint purport to set forth the purpose and function or content of the Chapter 13 plan, the document speaks for itself. Defendant otherwise denies the allegations set forth in paragraph 17.c. of the Plaintiff's Complaint.

22. Defendant denies the allegations set forth in paragraph 17.d. of the Plaintiff's Complaint.

23. Defendant denies the allegation set forth in paragraph 18 of the Plaintiff's Complaint.

## COUNT II FCCPA VIOLATIONS

24. Defendant reasserts and realleges is responses to paragraphs 1 through 15 as if fully set forth herein.

25. Defendant denies the allegations set forth in paragraph 20 of the Plaintiff's Complaint.

26. The Defendant denies the allegations set forth in paragraph 20.a. of the Plaintiff's Complaint.

27. The Defendant denies the allegations set forth in paragraph 21 of the Plaintiff's Complaint.

## CLAIM FOR ATTORNEYS' FEES

In the event this Court finds that Plaintiff's cause of action fails to raise a justifiable issue of fact or law, Defendant is entitled to recover from Plaintiff its reasonable attorneys fees and costs pursuant to Florida Statute § 559.77.

**WHEREFORE**, Defendant prays this Honorable Court enter judgment in favor of the Defendant, deny Plaintiff all relief that she has requested and otherwise provide Defendant with all relief that it deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As its first separate and affirmative defense, Defendant, Accounts Receivable Management, Inc., states that if any violation of the Fair Debt Collection Act occurred, any such violation is the result of a bona fide error and, therefore, is not actionable.

## SECOND AFFIRMATIVE DEFENSE

As its second separate and affirmative defense, Defendant, Accounts Receivable Management, Inc., states that never had any communicati0on with the Plaintiff wherein it demanded payment from the Plaintiff and, therefore, the Plaintiff's complaint fails to state a cause of action and the Plaintiff is not entitled to relief.

## THIRD AFFIRMATIVE DEFENSE

As its third separate and affirmative defense, Defendant, Accounts Receivable Management, Inc., states that the Plaintiff is estopped from asserting her claim that Accounts Receivable Management violated the FDCPA and the FCCPA as she never notified Accounts Receivable Management that neither she nor her counsel communicated with the Defendant the fact that she was represented by counsel and, therefore, the Plaintiff's complaint fails to state a cause of action.

## FOURTH AFFIRMATIVE DEFENSE

As its fourth separate and affirmative defense, Defendant, Accounts Receivable Management, Inc., states that all accounts that it receives are run through the BANCO system and notwithstanding such protective actions, the Plaintiff did not generate a positive result from the BANCO system. With this protective practice in place, and the sole basis for the Plaintiff's claims being the failure to use BANCO or some other similar system, the Plaintiff cannot prevail and is not entitled to relief.

## FIFTH AFFIRMATIVE DEFENSE

As its fifth separate and affirmative defense, Defendant, Accounts Receivable Management, Inc., states that the Plaintiff's counsel has incurred unreasonable and unnecessary attorneys' fees by the inclusion of superfluous and unnecessary allegations unrelated to the elements of the Plaintiff's claims. As a result, in the event that the Plaintiff prevails, any attorneys' fees awarded must be reduced to account for any superfluous or unnecessary services rendered in connection with prosecution of the simple claims alleged by the Plaintiff under the FDCPA and the FCCPA.

## SIXTH AFFIRMATIVE DEFENSE

As its sixth separate and affirmative defense, Defendant, Accounts Receivable Management, Inc., states that the Plaintiff failed to communicate the fact of her bankruptcy to it. Had the Plaintiff simply notified the defendant of her bankruptcy rather than filing this lawsuit, the defendant simply would have closed her account. The Defendant had no knowledge of the Plaintiff's prior bankruptcy but a simple phone call or letter would have caused the cessation of all further contact between the Plaintiff and the Defendant. As such, the Plaintiff's claims against the Defendant cannot stand.

## SEVENTH AFFIRMATIVE DEFENSE

As its seventh separate and affirmative defense, Defendant, Accounts Receivable Management, Inc., states that the Plaintiff fails to state a cause of action against the defendant because it has not alleged that the defendant communicated with the plaintiff for purposes of collecting a debt that had been discharged in bankruptcy.

**WHEREFORE**, Defendant prays this Honorable Court enter judgment against the Plaintiff and award Defendant such other relief as the Court deems fair and proper.

Respectfully submitted,

s/ Martin B. Kofsky
Martin B. Kofsky, Esq. (Fla. Bar No. 954500)
mkofsky@warddamon.com
Ward, Damon, Posner, Pheterson & Bleau, PL
4420 Beacon Circle
West Palm Beach, FL 33407
Tel.: (561) 842-3000   Facsimile: (561) 842-3626

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 5, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Martin B. Kofsky
Martin B. Kofsky Esq. (Fla. Bar No. 954599)
mkofsky@warddamon.com